EXHIBIT A

**ORIGINAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, NATIONAL ASSOCIATION, and DOES 1 – 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANNETTE GRIND,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED
JAN 1 0 2017
MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER L. OLIVA, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

BY FAX

The name and address of the court is:
*(El nombre y dirección de la corte es):* Ventura Hall of Justice
800 South Victoria Avenue
Ventura, California 93009

**CASE NUMBER:**
56-2017-00491460-CL-NP-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: **JAN 1 0 2017**
*(Fecha)*

Clerk, by **Michael D Planet**, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).* JENNIFER L. OLIVA

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **WELLS FARGO BANK, NATIONAL ASSOCIATION**

under: ☐ CCP 416.10 (corporation)　　　☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)　　☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

VENTURA
SUPERIOR COURT
FILED
JAN 1 0 2017
MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER L. OLIVA, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF VENTURA
LIMITED JURISDICTION

| | |
|---|---|
| ANNETTE GRIND,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, and DOES 1 – 10 inclusive,<br><br>Defendant. | Case No. 56-2017-00491460-CL-NP-VTA<br><br>**COMPLAINT**<br>(Amount not to exceed $10,000)<br><br>1. Violation of Rosenthal Fair Debt Collection Practices Act<br>2. Violation of Telephone Consumer Protection Act<br><br>**JURY DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, ANNETTE GRIND ("Plaintiff"), is a natural person residing in Ventura County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

Complaint - 1

3. At all relevant times herein, Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Over the last year, Defendant called Plaintiff's cell phone ending in -7333 numerous times. Defendant routinely made multiple calls to Plaintiff. Defendant's calls were excessive and harassing to Plaintiff.

8. Defendants calls were made to Plaintiff in connection with collection on an alleged debt.

9. Plaintiff revoked any consent that Defendant may have had to call Plaintiff in connection with collection of the alleged debt in one of Defendant's initial calls.

10. Despite this, Defendant continued to call Plaintiff, thereby causing her to feel harassed, anxious, and annoyed.

11. As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about May 19, 2016. Defendant has failed to respond to that letter at this time.

12. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

17. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees;
    D. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates by reference all of the preceding paragraphs.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq..

23. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq..

25. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 10th day of January, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

**COPY** — CM-010 — FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, ANNETTE GRIND

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura 93009
BRANCH NAME: Ventura Hall of Justice

VENTURA SUPERIOR COURT
FILED
JAN 1 0 2017
MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER L. OLIVA, Deputy

CASE NAME: Annette Grind v. Wells Fargo Bank, National Association

| CIVIL CASE COVER SHEET | Complex Case Designation | 56-2017-00491460-CL-NP-VTA |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ✓ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ✓ Other non-PI/PD/WD tort (35)

Employment
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

Contract
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

Real Property
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

Unlawful Detainer
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

Judicial Review
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
- ☐ Enforcement of judgment (20)

Miscellaneous Civil Complaint
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

Miscellaneous Civil Petition
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 10, 2017
Todd M. Friedman
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2017-00491460-CL-NP-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.
A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Mark Borrell | Ventura | 40 |
| **HEARING** MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | | |
| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
| 06/09/2017 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**
At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**
To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**
Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 01/11/2017

Clerk of the Court,
By: *Jennifer Oliva*
Jennifer Oliva, Clerk

VEN-FNR062